UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re: : Chapter 11
: Case No. 11-73929 (AST)
AMAGANSETT FAMILY FARM, INC., *et al*, :
: (Jointly Administered)
                Debtors. : Case Nos. 11-73928 and 11-73930 (AST)
:
------------------------------------------------------------ x

## DEBTORS' MOTION FOR EXTENSION OF EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY PROPOSE AND FILE PLANS OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF

Amagansett Family Farm, Inc., *et al*. (collectively the "Debtors"), by and through their undersigned counsel, hereby request (the "Motion") that the Court extend the exclusive periods during which the Debtors may propose and file plans of reorganization and solicit acceptances thereof. As grounds for the requested extensions, the Debtors state the following:

### Jurisdiction, Venue, and Statutory Predicates

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C §§ 1408 and 1409.

2. The statutory predicates for the relief requested by this Motion are sections 11 U.S.C. §1121(b), 11 U.S.C. §1121(c)(2), 11 U.S.C. §1121(c)(3), and 11 U.S.C. §1121(d) of the Bankruptcy Code. Sections 11 U.S.C. §1121(b) and (c) of the Bankruptcy Code prescribe the periods of exclusivity during which only the Debtors may file a plan of reorganization. Sections 1121(b) and 1121(c)(2) of the Bankruptcy Code provide that only the Debtors may file a plan for 120 days following the filing of the Chapter 11 petition. Upon a plan being filed, section 1121(c)(3) extends that period to 180 days for acceptances to be obtained. Section 1121(d)(1)

gives the Court authority, for cause shown, to increase the 120-day period or the 180-day period, subject to section 1121(d)(2).

## Background

3. On May 31, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtors are continuing in possession of their properties, and are operating and managing their business, as debtors-in-possession, pursuant to Bankruptcy Code §§ 1107 and 1108.

5. The Debtors are primarily engaged in the management and development of real estate. Prior to the Petition Date, and in connection with their ongoing business operations, the Debtors acquired three contiguous parcels of undeveloped real property: 531 Montauk Highway, Amagansett, New York ("531 Montauk"), 551 Montauk Highway, Amagansett, New York ("551 Montauk"), and 561 Montauk Highway, Amagansett, New York ("561 Montauk") (collectively, the "Properties").

6. The Properties secure various notes executed in favor of Madison Realty Capital, L.P. ("Madison") having a collective unpaid balance of approximately $17 million as of the Petition Date (the "Balance").

7. The current market value of the Properties is significantly less than the Balance.

8. Because the value of Madison's secured claim is necessary for the Debtors to propose their plan(s), promptly following the Petition Date, the Debtors attempted to reach a settlement with Madison regarding the current market value of the Properties.

9. The parties informally exchanged information, but were unable to reach an agreement. Therefore, on September 9, 2011, the Debtors filed their Motion to Determine Value

of Secured Claim and Request for Evidentiary Hearing (the "<u>Valuation Motion</u>"). The Valuation Motion seeks an evidentiary hearing to determine the value of Madison's secured claim under 11 U.S.C. § 506.

## Request for Relief

11. By this Motion, the Debtors request entry of an order pursuant to 11 U.S.C. § 1121 granting an extension of the periods prescribed by Sections 1121(b), 1121(c)(2), and 1121(c)(3) of the Bankruptcy Code, during which the Debtors have the exclusive right to file Chapter 11 plans. The Debtors propose that the 120-day period prescribed in Sections 1121(b) and 1121(c)(2) be extended until a date that is 60 days following entry of a final order of the Court establishing the value of Madison's secured claim, and that the 180-day period prescribed in Section 1121(c)(3) be extended until a date that is 120 days thereafter.

## Basis for Relief

11. The Bankruptcy Code affords a debtor a period of exclusivity during which only the debtor may file a plan of reorganization and solicit acceptances thereof. The exclusivity period provides the debtor an opportunity to develop and solicit acceptances of its plan without the disruption that would be caused by the filing of competing plans of reorganization by non-debtor parties. Section 1121(b) of the Bankruptcy Code provides that a debtor has the exclusive right to file a plan of reorganization for an initial period of 120 days after the commencement of its Chapter 11 case. 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan of reorganization within the 120-day initial period under Section 1121(b), a debtor has 180 days after the commencement of the Chapter 11 case within which to solicit and obtain acceptances of its plan, during which time competing plans may not be filed by any party in interest. 11 U.S.C. § 1121(c)(3).

12. The Debtors' initial 120-day and 180-day exclusive periods expire on September 28, 2011 and November 28, 2011, respectively.

13. Under Section 1121(d) of the Bankruptcy Code, a court may increase the initial exclusive periods for cause. 11 U.S.C. § 1121(d). Specifically, Section 1121(d) provides, in part, as follows:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d).

14. The decision to grant an extension of a debtor's exclusive periods is within a court's sound discretion. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989). Section 1121(d) provides that such extensions may be granted for "cause." Although it is not defined in the Bankruptcy Code, the cause standard has been interpreted as a "general standard that allows the Bankruptcy Court maximum flexibility to suit various types of reorganization proceedings." *Id.; see also Gaines v. Perkins*, 71 B.R. 294, 297 (W.D. Tenn. 1987) (stating that the hallmark of Section 1121(d) is flexibility).

15. Courts have developed and adopted the following nonexclusive list of factors to determine whether cause exists to extend the exclusivity period:

(a) the size and complexity of the case;

(b) the necessity for sufficient time to negotiate and prepare adequate information;

(c) the existence of good-faith progress toward reorganization; and

(d) whether creditors will be prejudiced by the requested extension.

*See In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005); *In re Service Merch. Co.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000); *In re Express One Intern., Inc.*, 194 B.R. 98, 100

(Bankr. E.D. Tex.1996); *In re McLean Indus. Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y.1987).

16. In evaluating these factors, courts are given maximum flexibility to review the particular facts and circumstances presented in the cases before them. *See In re Public Serv. Co.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent … is to promote maximum flexibility .…"); *In re Hoffinger Indus, Inc.*, 292 B.R. 639 (8th Cir. BAP 2003) (stating that not all factors "are relevant in every case" and the court has discretion to "decide which factors are relevant and give the appropriate weight to each").

17. An analysis of these factors in this case leads to the conclusion that cause exists to extend the exclusivity periods.

18. Based on the Debtors' understanding of the value of the Properties, the Debtors intend to propose a plan of reorganization that provides for the contribution of new value by the current equity owners, and the payment to Madison of the full amount of its allowed secured claim as determined by the Court.

19. As the largest secured creditor, the valuation of Madison's secured claim is a critical step toward developing a plan of reorganization that is capable of both confirmation and consummation.

20. The Debtors have made good faith progress in their chapter 11 cases and continue to work diligently on matters related to their reorganization. Since the Petition Date, the Debtors have continued to maintain and market the Properties to potential buyers.

21. Extending the exclusivity periods under section 1121 will not prejudice the Debtors' creditors. To the contrary, an extension will allow the Debtors to continue working with its creditors to develop consensual chapter 11 plan(s).

22. In the event the Court is not able to hear and determine the Motion before the Debtors' current exclusivity period expires on September 28, 2011, the Debtors request that the Court enter an interim order granting the extension of the exclusivity periods through and including the hearing on and the Court's determination of the Motion.

### **Notice**

23. Notice of this Motion shall be provided to Madison, the United States Trustee, and all parties that have filed notices of appearance in these cases.

WHEREFORE, the Debtors respectfully requests that the Court enter an order: (i) granting the Motion; (ii) extending the exclusivity period of 11 U.S.C. §§1121(b) and 1121(c)(2) until a date that is 60 days following entry of a final order of the Court establishing the value of Madison's secured claim; (iii) extending the exclusivity period of 11 U.S.C. §1121(c)(3) until a date that is 120 days following entry of a final order of the Court establishing the value of Madison's secured claim; and (iv) granting such other and further relief as is just and proper.

Dated: New York, New York
       September 14, 2011

TROUTMAN SANDERS LLP

By: *s/John P. Campo*
    John P. Campo
    The Chrysler Building
    405 Lexington Avenue
    New York, New York 10174
    Tel.: (212) 704-6075

*Attorneys for the Debtors*